McGREGOR W. SCOTT
United States Attorney
ANDRE M. ESPINOSA
BRIAN A. FOGERTY
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:19-CR-90-02 MCE |
| Plaintiff, | ORDER EXCLUDING TIME UNDER SPEEDY TRIAL ACT |
| v. | |
| EVA SYMONE CHRISTIAN, | |
| Defendant. | |

This matter is before the Court on the request of defendant Eva Symone Christian ("Christian"), through her counsel, Kelly Babineau, for a status conference to discuss a potential trial schedule. The parties appeared before the Court on February 24, 2020. Assistant United States Attorney André M. Espinosa, appeared on behalf of the United States. Shari Rusk appeared on behalf of her client, Robert Pierre Duncan ("Duncan"), Christian's co-defendant. At the hearing, the Court heard from counsel, considered the record, and now makes the following findings:

1.  On May 30, 2019, the grand jury charged Duncan and Christian (together "Defendants") with conspiracy to engage in sex trafficking of a child (Count One) and sex trafficking of a child (Count Two), in violation of 18 U.S.C. §§ 1591(a)(1) and 1594(c), and 18 U.S.C. §§ 1591(a)(1),(b)(2), respectively. The matter was assigned to the Honorable Morrison C. England, Jr.

2.  On November 13, 2019, Judge England set this case for a status conference to be held on December 11, 2019. ECF No. 37. On December 3, 2019, the Court *sua sponte* vacated the December

11, 2019 status conference and reset it for January 23, 2020. ECF No. 38. On December 30, 2019, the Court *sua sponte* vacated the January 23, 2020 status conference and reset it for June 4, 2020. ECF No. 41.

3. Defendant Duncan was arrested and made an initial appearance on June 3, 2019. ECF No. 10. At the request of the government and Duncan, the Court ordered time between June 3, 2019 through July 25, 2019, excluded for purposes of calculating the date by which trial must commence under the Speedy Trial Act. ECF No. 10.

4. Defendant Christian was arrested and made an initial appearance on June 14, 2019. ECF No. 16. At the request of the government and Christian, the Court ordered time between June 14, 2019 through July 25, 2019, excluded for purposes of calculating the date by which trial must commence under the Speedy Trial Act. ECF No. 16.

5. At the request of the parties, including Duncan and Christian, on July 26, 2019, the Court ordered time between July 25, 2019 through September 12, 2019, excluded for purposes of calculating the date by which trial must commence under the Speedy Trial Act. ECF No. 30.

6. At the request of the parties, including Duncan and Christian, on September 12, 2019, the Court ordered time between September 12, 2019, through October 10, 2019, excluded for purposes of calculating the date by which trial must commence under the Speedy Trial Act. ECF No. 31.

7. At the request of the parties, including Duncan and Christian, on October 10, 2019, the Court ordered time between October 10, 2019, through November 7, 2019, excluded for purposes of calculating the date by which trial must commence under the Speedy Trial Act. ECF No. 33.

8. At the request of the parties, including Duncan and Christian, on November 13, 2019, the Court ordered time between November 7, 2019, through November 14, 2019, excluded for purposes of calculating the date by which trial must commence under the Speedy Trial Act. ECF No. 37.

9. At the request of the parties, including Duncan and Christian, on December 12, 2019, the Court ordered time between December 9, 2019, through January 23, 2020, excluded for purposes of calculating the date by which trial must commence under the Speedy Trial Act. ECF No. 40.

10. At the request of the government and Duncan only, on January 31, 2020, the Court ordered time between January 29, 2020, through June 4, 2020, excluded for purposes of calculating the

date by which trial must commence under the Speedy Trial Act. ECF No. 45.

11. On February 3, 2020, the parties appeared for a status conference before this Court to discuss any Speedy Trial issues. ECF No. 47. At the request of defense counsel, the Court set a further status conference for February 24, 2020, to consider the interplay between Section 3161(h)(6) of the Speedy Trial Act and a possible request by defendant Christian to proceed to trial notwithstanding defendant Duncan's agreement to exclude time to prepare for trial, and in the absence of an order severing the co-defendants. Counsel for defendant Christian asked the Court to exclude time between February 3, 2020, through February 24, 2020, for purposes of calculating the date by which trial must commence under the Speedy Trial Act, which the Court ordered. ECF No. 47.

12. On February 24, 2020, the parties appeared before this Court. ECF No. 48. The Court conferred with counsel concerning the case status and any Speedy Trial issues. The following representations were made to the Court:

    a. Government counsel explained that defendant Christian had refused to exclude additional time for purposes of calculating the date by which trial must commence under the Speedy Trial Act, but that defendant Duncan had excluded time through June 4, 2020, for purposes of calculating the date by which trial must commence under the Speedy Trial Act.

    b. Government counsel apprised the Court that defendant Christian had not filed a motion to sever her case from her co-defendant.

    c. Government counsel argued that, in the absence of an order severing the co-defendants, Section 3161(h)(6) of the Speedy Trial Act permitted the Court to exclude, concerning defendant Christian, the time between February 24, 2020, through June 4, 2020, for purposes of calculating the date by which trial must commence under the Speedy Trial Act, consistent with the time exclusion ordered at the request of her unsevered co-defendant, Duncan.

    d. Counsel for Christian concurred with government counsel's representations as they pertained to the operation of the Speedy Trial Act, and informed the Court that defendant Christian does not desire to exclude time, and desires to proceed to trial,

[PROPOSED] ORDER      3

and may file a motion to severe.

13. As set forth on the record at the February 24, 2020 hearing, the Court found Section 3161(h)(6) of the Speedy Trial Act permitted the Court to exclude, concerning defendant Christian, the time between February 24, 2020, through June 4, 2020, for purposes of calculating the date by which trial must commence under the Speedy Trial Act, consistent with the time exclusion ordered at the request of her unsevered co-defendant, Duncan.

14. The Court further finds that, based on the facts set forth herein and during the February 24, 2020 hearing, the failure to exclude the time between February 24, 2020, through June 4, 2020, would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court further finds the ends of justice are served by the time exclusion and outweigh the best interests of the public and the Defendants in a speedy trial.

Accordingly, for the reasons stated herein and on the record during the February 24, 2020 hearing, and for good cause shown, it is hereby

**ORDERED** that, concerning defendant Eva Symone Christian, time between February 24, 2020, through June 4, 2020, is excluded from the computation of time within which the trial of this case must commence under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(6) and (7), (B)(iv), and Local Code T-4.

**IT IS SO ORDERED.**

Dated: February 28, 2020

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE